UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

STEVEN GONZALEZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

FIRST CAPITAL VENTURE CO.,
a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, STEVEN GONZALEZ (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendant, FIRST CAPITAL VENTURE CO., a Florida Corporation a/k/a DIAMOND CBD, has at all times material to this Complaint owned and operated a business that specializes in the marketing and sales of premium hemp extracts that contain cannabinoids and natural hemp derivatives including but not limited to CBD oil, CBD edibles, CBD vape oils, CBD creams, and other CBD products from multiple offices—including locations in Miami at 1501 NW River Drive, Miami, Florida 33125 and in Ft. Lauderdale at 3531 Griffin Road, Ft. Lauderdale, Florida 33312, as well as over the Internet through the e-commerce websites that have included https://www.diamondcbd.com, to wholesale and other customers across the United States and the world—with Defendant's corporate office located at 3351 Griffin Road, Ft. Lauderdale, Florida 33132.

3. Plaintiff brings this action on behalf of himself[1] and other current and former employees of FIRST CAPITAL VENTURE CO. similarly situated to Plaintiff who have worked for Defendant as non-exempt inside Sales Representatives, however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this action is brought to recover from FIRST CAPITAL VENTURE CO. unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other non-exempt inside Sales Representatives of FIRST CAPITAL VENTURE CO. It is the intent of this collective action to apply to all similarly situated inside Sales Representatives of FIRST CAPITAL VENTURE CO. regardless of location.

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337 & §1367.

5. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami and Broward Divisions.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, FIRST CAPITAL VENTURE CO. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, FIRST CAPITAL VENTURE CO. has employed two (2) or more employees who, *inter alia*, have regularly: (a) sold, handled, or

---

[1] Attached hereto is a signed Consent to Join of STEVEN GONZALEZ.

otherwise worked with CBD oil, CBD edibles (i.e., gummies), CBD vape oils, CBD creams, CBD loose herbs, CBD popcorn, CBD baked goods, CBD honey, and other CBD products that are goods and/or materials that had been moved in or produced for commerce; (b) handled and worked with office equipment such as computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed and participated in electronic bank transfers and other financial electronic transactions across State lines between Florida and other States—including but not limited to California, Florida, Georgia, Illinois Kansas, Massachusetts, Missouri, Oregon, New York, North Carolina, South Carolina, Tennessee, Texas, and Wisconsin—as well as international locations outside the United States such as the United Kingdom of Great Britain.

7. Based upon information and belief, the annual gross sales volume of FIRST CAPITAL VENTURE CO. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, FIRST CAPITAL VENTURE CO. has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In September 2018, FIRST CAPITAL VENTURE CO. hired Plaintiff as an inside Sales Representative with base pay of $19.38 per hour for Forty (40) hours of work per week—$775.00 per week—plus incentives and commissions based in Defendant's office located at 1501 NW N. River Drive, Miami, Florida 33125.

10. Although FIRST CAPITAL VENTURE CO. knowingly misclassified Plaintiff as an "independent contractor" for the sales duties Plaintiff carried out for Defendant between September 2018 and March 2019, FIRST CAPITAL VENTURE CO. controlled the nature, timing, and extent of the work Plaintiff was required to perform for Defendant each week between September 2018 and March 2019.

11. Plaintiff's primary job duties as an inside Sales Representative for FIRST CAPITAL VENTURE CO. between September 2018 and March 2019 consisted of the following non-exempt tasks: (a) outbound telemarketing and cold calls from inside Defendant's Miami office to try and make wholesale sales of Defendant's CBD products to customers across the United States including but not limited to, by way of example, California, Florida, Georgia, Illinois Kansas, Massachusetts, Missouri, Oregon, New York, North Carolina, South Carolina, Tennessee, Texas, and Wisconsin, which wholesale customers who would then re-sell these CBD products; (b) researching new prospective customers to cold call; and (c) carrying out ministerial clerical support tasks, sending and receiving e-mails, and related customer or internal computer-work and paperwork.

12. The facts and circumstances of the non-exempt sales work Plaintiff performed for FIRST CAPITAL VENTURE CO. between approximately September 2018 and March 2019 reveal and confirm that Plaintiff was an employee of Defendant under the FLSA and Florida law—not an independent contractor—including but not limited to because:

   (a) Plaintiff worked on a full-time, permanent and continuous basis carrying out non-exempt sales duties for Defendant's CBD business each week;
   (b) Plaintiff was wholly dependent on Defendant for earning his livelihood throughout the course of the approximate seven (7) months that Plaintiff worked for Defendant;
   (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;
   (d) Defendant exercised direct and extensive control over the manner in

which and times at which Plaintiff was required to perform work each day for Defendant while Defendant likewise established the sales and production quotas Plaintiff was required to work to try and meet to sell FIRST CAPITAL VENTURE CO.'s CBD products;

(e) the sales duties Plaintiff carried out on a daily basis as an inside Sales Representative in Defendant's CBD business did not involve any specific licensing or require specialized skills by Plaintiff; and

(f) Plaintiff's duties as an inside Sales Representative for Defendant were an integral part of Defendant's nationwide CBD sales business.

Accordingly, at all times material to this Complaint, Plaintiff was an "employee" of FIRST CAPITAL VENTURE CO. as defined by the FLSA, 29 U.S.C. §203(e)(1).

13.  Between approximately September 2018 and March 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during his employment as a non-exempt inside Sales Representative for FIRST CAPITAL VENTURE CO. in Miami-Dade County, Florida.

14.  Likewise, the other employees of FIRST CAPITAL VENTURE CO. who are similarly situated to Plaintiff have regularly worked as non-exempt inside Sales Representatives, however, variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendant at numerous locations within the three (3) year statute of limitations period between May 2016 and the present without being paid time and one-half wages for all of their actual overtime hours worked for Defendant.

15.  The additional persons who may become Plaintiffs in this action are FIRST CAPITAL VENTURE CO.'s current and former non-exempt inside Sales Representatives, however variously titled, who have worked for Defendant at any location in one or more weeks between May 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for FIRST CAPITAL VENTURE CO.

16.     Based upon information and belief, FIRST CAPITAL VENTURE CO. has failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt inside Sales Representatives, however variously titled, during multiple work weeks within the three (3) year statute of limitations period between May 2016 and the present.

17.     More specifically, during the three (3) year statute of limitations period between approximately September 2018 and March 2019, Plaintiff regularly worked six (6) to seven (7) days per week as a non-exempt inside Sales Representative for FIRST CAPITAL VENTURE CO. in Miami-Dade County, with regular start times as early as approximately 8:30 a.m. and stop times that ranged between approximately 5:30 to 9:00 p.m., averaging between approximately Sixty (60) and Sixty-Five (65) hours per week.

18.     However, between approximately September 2018 and March 2019, FIRST CAPITAL VENTURE CO. paid Plaintiff based upon an applicable regular rate of $19.38 per hour for Forty (40) hours of work per week—$775.00 per week in average gross weekly wages—plus incentives and commissions, but Defendant failed to compensate Plaintiff at a rate of time and one-half of his applicable regular rate(s) for all of the hours he worked in excess of Forty (40) hours per week for Defendant between September 2018 and March 2019.

19.     Likewise, the other sales employees of FIRST CAPITAL VENTURE CO. who have worked in Defendant's offices in Miami and Fort Lauderdale who are similarly situated to Plaintiff have also regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant as non-exempt inside Sales Representatives, however, variously titled, within the three (3) year statute of limitations period between May 2016 and the present without being paid time and one-half wages for their hours worked in excess of Forty (40)

hours each week.

20. Subject to discovery, based upon Plaintiff owed being an average of between approximately Twenty (20) to Twenty-Five (25) unpaid overtime hours per week from FIRST CAPITAL VENTURE CO. at the rate of $29.06/hour [$19.38/hour x 1.5 = $29.06/hour] during approximately Twenty-Two (22) work weeks between September 2018 and March 2019, Plaintiff's unpaid overtime wages total between approximately **$12,787.50** [$29.06/hour x 20 Unpaid OT hours/week x 22 weeks = $12,787.50]; and **$15,984.38** [$29.06/hour x 25 Unpaid OT hours/week x 22 weeks = $15,984.38].

21. Despite the record keeping requirements of the FLSA, 29 C.F.R. §§516.2, 516.6, FIRST CAPITAL VENTURE CO. has failed to maintain contemporaneous and accurate time records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated non-exempt inside Sales Representatives, however variously titled, for Defendant for each and every work week during the statute of limitations period between May 2016 and the present.

22. Based upon information and belief, FIRST CAPITAL VENTURE CO. has had knowledge of the full extent of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt inside Sales Representatives for the benefit of FIRST CAPITAL VENTURE CO. in on or more weeks between May 2016 and the present but Defendant has willfully failed to compensate Plaintiff and all other similarly situated employees, instead accepting the benefits of the overtime work performed by Plaintiff and the other non-exempt inside Sales Representatives without paying all of the overtime compensation required by the FLSA.

23. The complete records reflecting the compensation paid by FIRST CAPITAL

VENTURE CO. to Plaintiff and all other similarly situated non-exempt inside Sales Representatives, however variously titled, at any location between May 2016 and the present are in the possession, custody, and/or control of Defendant.

24. In addition to Plaintiff's unpaid overtime wages, Plaintiff worked for FIRST CAPITAL VENTURE CO. on February 27, 28, March 1, 4, 5, 6, and 7, 2019 without being paid all of his regular wages, for which a total of approximately $1,085.20 in earned but unpaid wages [$19.38/hour x 56 hours = $1,085.20] have been due and owing to Plaintiff since early March 2019 but have not been paid by Defendant.

25. Plaintiff made repeated requests to FIRST CAPITAL VENTURE CO. for the payment of his earned wages before retaining the undersigned counsel and on May 2, 2019, Plaintiff's Counsel sent FIRST CAPITAL VENTURE CO. pre-suit notice of Plaintiff's claims for unpaid overtime and regular wages through written correspondence delivered via e-mail to Defendant on May 2nd and delivered via FedEx on May 3, 2019 but Defendant has nonetheless still failed to pay Plaintiff the full wages he is entitled to under Federal and Florida law.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff, STEVEN GONZALEZ, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each hour he worked for FIRST CAPITAL VENTURE CO. as a non-exempt inside Sales Representative in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately September 2018 and March 2019.

28. All similarly situated non-exempt inside Sales Representatives, however variously titled, of FIRST CAPITAL VENTURE CO. are also entitled to be paid time and one-half of their

8

applicable regular rates of pay for each and every overtime hour they worked for Defendant at any location but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between May 2016 and the present.

29. FIRST CAPITAL VENTURE CO. has knowingly and willfully failed to pay Plaintiff and the other non-exempt inside Sales Representatives, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between May 2016 and the present.

30. At all times material to this Complaint, FIRST CAPITAL VENTURE CO. had constructive notice and/or actual knowledge that Defendant's compensation practices did not provide Plaintiff and other non-exempt inside Sales Representatives, however variously titled, with time and one-half wages for all of their actual overtime hours worked between May 2016 and the present based upon, *inter alia*: (a) failing to maintain contemporaneous time records of the start times, stop times, and total hours worked each week by Plaintiff and the other similarly situated employees; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that FIRST CAPITAL VENTURE CO. knew had been worked for the benefit of Defendant.

31. By reason of the said intentional, willful and unlawful acts of FIRST CAPITAL VENTURE CO., all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Based upon information and belief, at all times material to this Complaint, FIRST CAPITAL VENTURE CO. did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt

inside Sales Representatives, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from FIRST CAPITAL VENTURE CO. all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

34. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, STEVEN GONZALEZ and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, FIRST CAPITAL VENTURE CO., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

### COUNT II
### RECOVERY OF UNPAID WAGES UNDER FLORIDA LAW

Plaintiff, STEVEN GONZALEZ, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

35. Plaintiff performed work for FIRST CAPITAL VENTURE CO. on February 27, 28, March 1, 4, 5, 6, and 7, 2019 without being paid all of his regular wages, for which a total of approximately $1,085.20 in earned but unpaid wages [$19.38/hour x 56 hours = $1,085.20] despite Defendant accepting the benefits of Plaintiff's work without compensating him for all of his earned wages.

36. Pursuant to Florida law, Plaintiff is owed earned but unpaid wages and has suffered damages in the amount of $1,085.20 as a result of FIRST CAPITAL VENTURE CO.'s refusal to

pay all of Plaintiff's earned wages.

37.     Plaintiff has repeatedly requested that FIRST CAPITAL VENTURE CO. pay him for the full extent of Plaintiff's regular wages earned between late February 2019 and early March 2019 but Defendant has failed to make payment in full of Plaintiff's regular wages.

38.     Plaintiff has retained the undersigned counsel and pursuant to F.S. §448.08, Plaintiff is entitled to recover from FIRST CAPITAL VENTURE CO. all reasonable attorneys' fees and costs incurred as a result of Defendant's failure to pay Plaintiff's earned wages.

39.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, STEVEN GONZALEZ, demands judgment against Defendant, FIRST CAPITAL VENTURE CO., for the payment of all unpaid wages and related damages, reasonable attorneys' fees and costs, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  May 23, 2019                    Respectfully submitted,

By:     **KEITH M. STERN**
        Keith M. Stern, Esquire
        Florida Bar No. 321000
        E-mail:  employlaw@keithstern.com
        LAW OFFICE OF KEITH M. STERN, P.A.
        80 S.W. 8th Street, Suite 2000
        Miami, Florida 33130
        Telephone:  (305) 901-1379
        Attorney for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), **First Capital Venture Co.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Steven Gonzalez*
Steven Gonzalez (May 23, 2019)

Steven Gonzalez